TRAVERS v. NORTH CAROLINA RAILROAD COMPANY.

(Filed November 10, 1903.

STOCK—*Corporations—Lost Certificate of Stock—Indemnity Bond—Acts 1885, ch. 265—Acts 1901, ch. 2, sec. 95.*

> Acts 1885, ch. 265, authorizing a corporation to hold in escrow a new in lieu of a lost certificate of stock, is repealed by Acts 1901, ch. 2, sec. 95.

ACTION by S. W. Travers & Company against the North Carolina Railroad Company, heard by Judge *W. R. Allen* and a jury at April Term, 1903, of the Superior Court of GUILFORD County. From a judgment for the plaintiff the defendant appealed.

*F. H. Busbee & Son,* for the plaintiff.
*S. M. Gatlis,* for the defendant.

MONTGOMERY, J. This action was brought by the plaintiff to compel the defendant company to issue to the plaintiff a new certificate for shares of stock in the place of a certificate formerly issued and which is now lost or destroyed. The loss of the former certificate was proved to the satisfaction of the jury, and a judgment was rendered upon the verdict in the following words: "This cause coming on upon the pleadings, and the issue arising thereon having been found in favor of the plaintiff that the certificate of stock mentioned in the complaint was lost in July, 1889, and that the same is the property of the plaintiff, in accordance with the finding it is ordered and adjudged that the defendant North Carolina Railroad Company issue to the plaintiff S. W. Travers a certificate of five shares of stock in the North Carolina Railroad Company, in lieu of Certificate 3785, originally issued to

George E. Moore, within thirty days after April 20, 1903, and deliver the same to the plaintiff upon the execution and delivery of the bond hereinafter provided for. Before the plaintiff shall be entitled to receive the stock above mentioned he shall deliver to the North Carolina Railroad Company a justified bond in the sum of one thousand dollars, conditioned to indemnify any person, other than the plaintiff, who shall thereafter appear to be the lawful owner of such certificate stated to have been lost. It is further ordered that the plaintiff recover of the defendant the cost of this action." The defendant excepted to the judgment on the ground that it should have contained a provision that the treasurer of the defendant company might hold the new certificate as an *escrow* for five years from the date of issuing it, before delivering it to the plaintiff, as was provided in chapter 265 of the acts of 1885. The act of 1901, chapter 2, entitled "An act to revise the Corporation Laws of North Carolina," contains a provision (section 95) as follows: "Whenever any corporation shall have refused to issue a new certificate of stock in place of one theretofore issued by it, or by any corporation of which it is a successor, alleged to have been lost or destroyed, the owner of the lost or destroyed certificate or his legal representatives may maintain a civil action in the Superior Court of the county in which the principal office of the corporation is located, to compel such corporation to issue a duplicate certificate of stock in the place of the certificate alleged to have been lost or destroyed; and if the issues of fact arising upon the pleadings shall be found in favor of the plaintiff, the Court shall make an order requiring the corporation or other party, within such time as it shall designate, to issue and deliver to the plaintiff a new certificate for the number of shares of the capital stock of the corporation which shall have been found to be owned by the plaintiff; in making the order the Court shall direct that the plaintiff

shall deposit such security as to the Court shall appear suffi-
cient to indemnify any person, other than the plaintiff, who
shall thereafter appear to be the lawful owner of such certifi-
cate stated to be lost or destroyed. * * * Any person
who shall thereafter claim any rights under the certificate
so lost or destroyed shall have recourse to said indemnity, and
the corporation shall be discharged from all liability to such
person by reason of compliance with the order."

The contention of the defendant is that that part of the
act of 1885 which confers on the treasurer the duty and
power to hold, as an *escrow* for five years, the new certificate
of stock before delivering it to the owner, is an additional
and further security than the provision of 1901, section 95.
There is nothing in the contention. The defendant could not
have a more complete indemnity than is given to it in the act
of 1901. The last sentence of section 95 of that act reads as
follows: "Any person who shall thereafter claim any rights
under the certificate so lost or destroyed shall have recourse to
said indemnity, and the corporation shall be discharged from
all liability to such person by reason of compliance with the
order." ·Under that section, even if the stock alleged to have
been lost or destroyed should come to light after the judgment
of the Court decreeing the issue of a new certificate for that
alleged to be lost or destroyed, the holder would have to look
to the bond of indemnity alone for his remedy, as the decree
of the Court adjudging that the original certificate of stock
had been lost or destroyed cannot be again questioned and is
full protection to the company. The act of 1885 provided
that incorporated companies might require any stockholder
claiming to have lost his certificate of stock to give a good and
sufficient bond indemnifying the *company* against loss before
issuing the new certificate. The act of 1901 is compulsory on
incorporated companies that issue certificates of stock, and
indemnity is not provided for the *companies* but for *"any*

*person,* other than the plaintiff, who shall thereafter appear to be the lawful owner of such certificate stated to be lost or destroyed." The acts are inconsistent, and that of 1885 is therefore repealed by the one of 1901.

Affirmed.